

Wrobel
Markham
Schatz
Kaye & Fox LLP

360 Lexington Avenue
Suite 1502
New York, NY 10017
Telephone: (212) 421-8100
Fax: (212) 421-8170
www.wsfny.com

August 11, 2016

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Subject: Letter Motion to Be Relieved as Counsel**

**Case: *LG Capital Funding, LLC v. 5BARz International, Inc.*, 16-Civ-2752-KAM-JO**

Dear Judge Orenstein:

My law firm Wrobel Markham Schatz Kaye & Fox LLP is counsel of record for defendants 5BARz International, Inc. in the above-captioned litigation. Pursuant to Rule II.A.1. of your Individual Practices, we respectfully move to be relieved as counsel pursuant to Local Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from the case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the court) upon all other parties.

The basis for the motion is that defendant has failed to live up to its fee and retainer obligations, has disagreed with our tactical advice, and has expressed an interest in changing counsel. In the interests of minimizing the disruption to 5BARz, we will not assert a charging or retaining lien, although we believe that both would be warranted under the circumstances. In addition, we have also kept our description of the reasons underlying the motion to a minimum. In the event that the Court desires further detail, we would respectfully request permission to file additional support for the motion under seal.

At the time of our engagement, 5BARz was in an emergency situation and claimed inadequate cash flow to fund our ordinary retainer requirement immediately, but promised it would be able to supplement the retainer in a week or so. The engagement letter letter specifically recognized that the initial retainer would be inadequate and that 5BARz would need to supplement it, and would permit us to withdraw as their lawyers if they failed to do so:

> To engage us you must send an initial retainer of $10,000 to initiate work and to secure payment of our fees and expenses. The amount of this retainer is lower than we usually require for federal court and we have permitted this lower retainer only because you have an emergency and require immediate assistance to avoid default. You agree to refresh this retainer in $10,000 increments upon our request, and to permit us to withdraw as your lawyers if you do not refresh the retainer. Any retainer will be deposited into our general account and be immediately available to us. The retainer is refundable: If you or we terminate our engagement, we will refund any remaining retainer balance after payment of any unpaid fees or expenses. NOTE: If the Action is not resolved quickly, this initial retainer will be inadequate and we will require an additional retainer to continue on your behalf.

Engagement Letter ¶11 (emphasis added). We can provide a copy of our engagement letter if necessary.

5BARz has failed to make honor our request for an additional retainer and is now also in arrears on payments. Failure to honor financial obligations is legitimate grounds for an attorney to be relieved as counsel, particularly when combined with other issues adversely affecting the attorney-client relationship. *See, e.g., Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 2899192, 2 (S.D.N.Y. July 6, 2011) (citing *Sentient Flight Group, LLC v. Klein*, No. 09 Civ. 7170, 2011 WL 1431987, at *1 (S.D.N.Y. Jan. 6, 2011) ("Non-payment of attorney's fees is a proper basis for a withdrawal of counsel"); *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC,* Nos. 08 Civ. 9892, 09 Civ. 7659, 2009 WL 4035642, at *2 (S.D.N.Y. Nov. 22, 2009) ("It is well-settled that non-payment of counsel fees is a proper basis for withdrawal"); *Melnick v. Press,* No. 06 CV 6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4"); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F.Supp.2d 164, 166 (E.D.N.Y.2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4"). Lawyers are not indentured servants; they are entitled to be paid for their work. We are a small firm and we can ill afford to represent 5BARz for free.

The Honorable James Orenstein
United States Magistrate Judge, Eastern District of New York
August 11, 2016
Page 3 of 3

    In addition, 5BARz has rejected our advice concerning this matter and has recently expressed a desire to find substitute counsel.

    We advised 5BARz of our intention to move to withdraw if our fee and retainer obligations were not met and 5BARz did not object. We provided multiple extended deadlines for 5BARz to act or call us to discuss the issue, and 5BARz has not responded. Pursuant to Rule 1.4, we are serving this motion and supporting affidavit on all remaining parties of record and upon 5BARz in the manner set forth below.

    Very respectfully,

    Philip R. Schatz

Cc:    *By ECF*
       GARSON, SEGAL, STEINMETZ, FLADGATE LLP
       Kevin Kehrli, Esq.
       164 West 25th Street
       Suite 11R
       New York, NY 10001
       Tel.: (212) 380-3623
       *Attorneys for Plaintiff*

       *By Federal Express and Courtesy Copy by Email to mgeoghegan@5barz.com*
       5BARz INTERNATIONAL INC.
       Attn: Mark J. Geoghegan
       111 Brickell Avenue, 1st Floor
       Miami, Florida 33131