UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LG CAPITAL FUNDING, LLC

                          Plaintiff,

     v.

5BARZ INTERNATIONAL, INC.

                          Defendant.

Civil Action No.: 16-cv-2752 (KAM)(JO)

# PLAINTIFF'S MEMORANDUM OF LAW IN REPLY AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION

**GARSON, SEGAL, STEINMETZ, FLADGATE LLP**
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ iii

I.   INTRODUCTION ................................................................................................... 1

II.  STATEMENT OF UNDISPUTED FACTS .................................................................... 1

III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED .................. 3
A.   Standard for Summary Judgment. ..................................................................... 3
B.   Defendant Fails to Raise a Single Material Question of Fact to Defeat Summary Judgment. ............................................................................................................... 3
   1.   Defendant's Arguments Relating to the Format of the Notices of Conversion Are Immaterial. ............................................................................................... 4

   2.   Defendant's Arguments Relating to the Execution and Delivery of the Notices of Conversion Are Nonsensical, Contrary to the Papers, and the Exact Concocted Disputed "Facts" that Courts Deem Insufficient to Defeat Summary Judgment. ...5

   3.   Plaintiff's Recovery Under the First Notice of Conversion Stems Directly from the Terms of the Note, and Defendant Fails to Raise any Questions of Fact. .......... 8

   4.   Defendant's Argument Related Alleged Offers to Deliver Shares is Irrelevant, Fails to Account for Damages, Attorneys' Fees, Changes in Stock Price, and Constitutes a Misrepresentation to the Court. ...................................................... 9

   5.   It is Black Letter Law that the Civil Usury Statute Cited by Defendant is Not a Viable Defense for a Corporate Entity, and Defendant's Application of the Statute Misinterprets Usury Entirely. ................................................................. 10

C.   Defendant's Cross-Motion for Summary Judgment is Procedurally Defective, Unsupportable by the Evidence, and Unjustifiable at Law. ..................................... 12
   1.   Defendant Failed to Submit a Local Rule 56.1 Statement in Support of its Cross-Motion. .................................................................................................. 12

   2.  As Already Addressed herein, Defendant's Argument Related Alleged Offers to Deliver Shares is Irrelevant, Fails to Account for Damages, Attorneys' Fees, Changes in Stock Price, and Constitutes a Misrepresentation to the Court. ......... 13

IV. CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Ammarito v. Duraclean Int'l, Inc.*, 687 F. Supp. 2d 210, 220 (E.D.N.Y. 2010) .......... 10

*Builders Bank v. Rockaway Equities, LLC*, 2011 U.S. Dist. LEXIS 107409 *21 (E.D.N.Y. 2011) ................................................................................................ 12

*Hillair Capital Investments, L.P. v. Integrated Freight Corp.*, 963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013) ............................................................................................ 11

*LG Capital Funding, LLC v. Sanomedics Int'l Holdings, Inc.*, 2015 N.Y. Misc. LEXIS 4294 *30 (N.Y. Sup. Ct. 2015) .................................................................. 11

*Sabella v. Scantek Med., Inc.* 2009 U.S. Dist. LEXIS 88170 (S.D.N.Y. 2009) ........... 10

*United States v. City of New York*, 637 F. Supp. 2d 77, 84 (E.D.N.Y. 2009) ................ 3

*Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 2013 U.S. Dist. LEXIS 26712 *18 (E.D.N.Y. 2013) .................................................................................................... 3

**STATUTE**

N.Y. Gen. Obl. L. § 5-521 ........................................................................................ 10

**RULE**

L.R. 56.1 .................................................................................................................. 13

## I. INTRODUCTION

Defendant's Opposition is replete with fatal admissions, material misrepresentations, contradicting positions, and misapplications of law. It fails to address the majority of Plaintiff's Motion; and in relation to those points addressed, it fails to raise a single material question of fact sufficient to defeat summary judgment. Defendant's Cross-Motion contains even less substance. Seemingly added as an afterthought, Defendant fails to include its own Local Rule 56.1 Statement of Undisputed Facts, and merely adds a paragraph saying, untruthfully and insupportably, that because it offered at some unspecified time beyond the contractually provided deadline to deliver the shares, Defendant is entitled to summary judgment.

For the following reasons, it is respectfully requested that Plaintiff's Motion for Summary Judgment be granted in its entirety, and that Defendant's Cross-Motion for Summary Judgment be denied in its entirety.

## II. STATEMENT OF UNDISPUTED FACTS

The Court is again respectfully referred to Plaintiff's Local Rule 56.1 Statement of Undisputed Facts filed herewith. While Defendant did submit a "Response to Plaintiff's L.R. Statement of Undisputed Material Facts and In Support of Its Cross-Motion for Summary Judgment," ("L.R. 56.1 Response"), most, if not all, of Defendant's denials are followed by its own legal conclusions and/or "facts" not supported by admissible evidence.

1

In addition to the procedural deficiencies, Defendant makes several fatal admissions in its Response. Defendant:

i. admits that it issued the Note (L.R. Response, ¶5);
ii. admits that Plaintiff delivered $50,000.00 (L.R. Response, ¶6);
iii. admits to the terms of the Note (L.R. Response, ¶9-16);
iv. admits that it caused an event of default under the Note on November 22, 2015 (L.R. Response, ¶17);
v. admits that Plaintiff sent Daniel Bland both Notices of Conversion (L.R. Response, ¶19 and ¶34);
vi. fails to deny or cite admissible evidence to disprove that Gabe Sayegh was authorized by Plaintiff to execute a Notice of Conversion (L.R. Response, ¶22);
vii. fails to deny that the Notices of Conversion submitted by Plaintiff contained all of the information requested in the sample notice attached to the Note (L.R. Response, ¶20);
viii. fails to cite admissible evidence that a signed agreement amending the notice provision of the SPA exists pursuant to Section 5(e), and thus fails to show that Mark Geoghegan ("Geoghegan") was the designated party to whom Notices of Conversion were to be delivered (L.R. Response, ¶24);
ix. admits that it failed to give Joseph Lerman notice of any purported change in the designated individual to receive notice on behalf of Defendant (L.R. Response, ¶24);
x. admits that the Note entitled Plaintiff to submit the Notice of Conversion to either Defendant **or** its Transfer Agent. (L.R. Response, ¶23)
xi. admits that Plaintiff sent the Notices of Conversion to both Defendant's CEO and Defendant's Transfer Agent. (L.R. Response, ¶¶ 26 and 37); and,

xii. admits it did not honor the first or second Notices of Conversion. (L.R. Response, ¶¶20, 23, and 40);

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

#### A. Standard for Summary Judgment.

To defeat Plaintiff's motion as it relates to Defendant's breach of contract Defendant must show that there are genuine disputed material facts in relation to the following elements: "'(i) the formation of a contract between the parties; (ii) performance by the Plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 2013 U.S. Dist. LEXIS 26712 *18 (E.D.N.Y. 2013). "Material Facts are those which 'might affect the outcome of the suit under the governing law,' and a dispute is 'genuine' if 'the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party.'" *United States v. City of New York*, 637 F. Supp. 2d 77, 84 (E.D.N.Y. 2009). "Factual disputes that are irrelevant or immaterial to the disposition of a case cannot preclude a grant of summary judgment." (Id.) "[T]he nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." (Id.).

As will be shown below, all of Defendant's arguments are either immaterial, irrelevant, or both; and no argument rises beyond 'some metaphysical doubt,' as this Court has warned insufficient to defeat summary judgment.

#### B. Defendant Fails to Raise a Single Material Question of Fact to Defeat Summary Judgment.

3

Defendant admits that it issued the Note (L.R. 56.1 Response, ¶5), and admits that Plaintiff performed under the Note by funding it (L.R. 56.1 Response, ¶6). Defendant admits that its Chief Executive Officer, Daniel Bland, received the Notices of Conversion (L.R. 56.1 Response, ¶¶19 and 34). Defendant admits that it failed to deliver the shares (L.R. 56.1 Response, ¶20, 23, and 40), and fails to contest any of Plaintiff's claims for damages, other than a conclusive paragraph stating that Plaintiff should not recover contractually provided damages relating to the first Notice of Conversion. Instead, Defendant contests the validity of the Notices of Conversion; cites New York's civil usury statute as a defense; and states that since it offered to deliver the shares at some unspecified time, months after it was obligated to do so, Plaintiff is only entitled to the shares. Each of Defendant's arguments will be addressed in turn.

1. Defendant's Arguments Relating to the Format of the Notices of Conversion Are Immaterial.

Defendant's first argument is immaterial, irrelevant, and not a disputed fact. Defendant argues that it was not obligated to deliver the shares pursuant to either Notice of Conversion because of variations in font, format, and style between the submitted Notices of Conversion and the sample attached to the Note. Both Notices of Conversion submitted by Plaintiff, as well as the sample notice attached to the Note, are part of the record before this Court, and are undisputed. Further, Defendant failed to deny that the material terms of the sample notice of conversion were included in Notices of Conversion submitted by Plaintiff. (Compare, Plaintiff's L.R. 56.1 Statement, ¶20(a) with L.R. 56.1 Response, ¶20). Thus, while Defendant's

4

attempts to elevate form over substance should be disregarded by the Court entirely, any question as to the materiality of the format of the the Notices can be decided based on the record before the Court and is insufficient to defeat summary judgment.

      2.      Defendant's Arguments Relating to the Execution and Delivery of the Notices of Conversion Are Nonsensical, Contrary to the Papers, and the Exact Concocted Disputed "Facts" that Courts Deem Insufficient to Defeat Summary Judgment.

Defendant's next arguments relate to the execution and delivery of the Notices of Conversion. First, it claims that Gabe Sayegh, a Vice President of Plaintiff, was not a proper signatory to the Notices of Conversion. Second, it claims that because Plaintiff did not deliver the Notices to Mark Geoghegan ("Geoghegan"), they were invalid. While each contention is unsupportable on its own, when viewed in conjunction with each other, the logic is irreconcilable.

As a starting point, Section 5 of the SPA states that "All notices, demands, requests, consents, approvals, and other communications required or permitted hereunder shall [made to the] address as set forth below." (Lerman Decl., Ex. L, §5). The Section continues:

If to the Company, to:
5Barz International Inc.
9444 Waples Street, Suite 140
San Diego, CA 92121
Attn: Daniel Bland, CEO

If to the Buyer:
LG CAPITAL FUNDING, LLC
1218 Union Street, Suite #2
Brooklyn, NY 11225
Attn: Joseph Lerman, Manager

5

Section 5 also states that "No provision of this Agreement may be waived or amended other than by an instrument in writing signed by the majority in interest of [LG]." (Id.). These facts are not disputed.

Defendant argues that the provision above means that Joseph Lerman is the only acceptable signatory to execute conversions. First, it must be emphasized that this provision requires Plaintiff to deliver notices "Attn: Daniel Bland," and Defendant to deliver notices "Attn: Joseph Lerman." It does not state that Joseph Lerman or Daniel Bland must be the signatory to notices given to the other party. Second, the Note states that "Holder" may execute conversions, and defines the Holder as "LG Capital Funding, LLC and its authorized successors and permitted assigns." (Dkt. 2-6). It does not designate Joseph Lerman as the Holder. Gabe Sayegh signed each Notice of Conversion in his capacity as Vice President of LG. (Dtks. 2-8 and 2-9). Joseph Lerman affirmed under perjury that Mr. Sayegh was duly authorized by LG to execute the Notices of Conversion (Declaration of Joseph Lerman, dated March 20, 2017, filed herewith, ¶4). Defendant has presented no evidence otherwise. Accordingly, there are no material questions of fact as to whether the Notices of Conversion, signed by Gabe Sayegh, were duly authorized by Plaintiff.

Next, Defendant cites an email where its Transfer Agent wrote to Ahron Fraiman ("Fraiman"), an employee of LG. In response to a question regarding the issued and outstanding shares of Defendant's stock, the Transfer Agent told Fraiman that he should "forward inquiries regarding its issued shares to Mark

6

Geoghegan." Based on this email, Defendant claims that Plaintiff was given notice that any future Notices of Conversion must be sent to Geoghegan, instead of Bland.

There are numerous problems with this argument. First, Section 5 of the SPA says that any amendments to the SPA must be made by an instrument writing signed by the majority in interest of Plaintiff. No such signed writing amending the notice provision to include Geoghegan exists. Second, the purported notice to replace Bland with Geoghegan was given by a third party, the Transfer Agent, not by Defendant. Third, the purported notice was given to Ahron Fraiman, not Joseph Lerman as designated in the SPA. Fourth, the email from the Transfer Agent does not make reference to Notices of Conversion; it merely speaks to inquiries related to Defendant's issued shares. Finally, the Note provides, and Defendant admits, that Section 4(a) of the Note instructs Plaintiff to deliver the Notices of Conversion "to the Company **or** its transfer agent." (Dkt. 2-6, §4(a)). Therefore, even if Defendant's preposterous arguments relating to Geoghegan's receipt of the Notices were to be entertained, the evidence clearly shows, and Defendant admits, that the Notices of Conversion were delivered to Defendant's transfer agent. Accordingly, Plaintiff still performed by delivering them to the transfer agent.

To summarize Defendant's perverse arguments relating to the Notices of Conversion: (i) the notice provision of the SPA should apply to the extent that it requires Joseph Lerman to be a signatory on Notices of Conversion; (ii) the notice and amendment provisions should not apply to the extent that the Transfer Agent's email to Ahron was sufficient to change the designated recipient of notice for

7

Defendant; and (iii), that the notice and amendment provisions should not apply to the extent that the Notices of Conversion sent to the contractually provided designee, Daniel Bland, were invalid. To say that these arguments rise to the level of casting "some metaphysical doubt as to material facts" would give them too much credit. The Court must disregard them.

> 3. Plaintiff's Recovery Under the First Notice of Conversion Stems Directly from the Terms of the Note, and Defendant Fails to Raise any Questions of Fact.

In three sentences, Defendant describes the undisputed fact that Plaintiff withdrew its First Notice of Conversion on May 3, 2016, 50 days after it had been submitted, and 47 days after Defendant was obligated to deliver shares. From this undisputed fact, without any support either at law or based on the evidence before this Court, Defendant concludes that "LG cannot seek any recovery related to the purported First Conversion." Defendant, however, fails to account for Plaintiff's liquidated damages as a result of Defendant's failure to deliver shares, which are provided in the Note.

Regardless, whether Plaintiff's cancellation of the First Conversion constitutes a waiver of the liquated damages related thereto is a question of law, and therefore is not sufficient to defeat summary judgment. In making its determination, however, the Court should find that by the terms of the Note, the liquidated damages accrue until the shares are delivered. Even once the shares are delivered, those damages related to Defendant's failure to deliver in a timely manner remain due and payable. Thus, the cancellation of the First Notice of

Conversion should have the same effect as delivery of the shares – it ends Defendant's obligation to deliver the shares, but does not change Defendant's obligations to pay the liquidated damages related thereto.

4. Defendant's Argument Related Alleged Offers to Deliver Shares is Irrelevant, Fails to Account for Damages, Attorneys' Fees, Changes in Stock Price, and Constitutes a Misrepresentation to the Court.

Defendant's next argument is based entirely on a misrepresentation to the Court, and a misinterpretation of the entire concept of damages. The Declaration of Mark Geoghegan audaciously states that "from the outset of this litigation [Defendant] offered to deliver the shares pursuant to the (Second) Notice of Conversion." (Geoghegan Decl., dated April 24, 2017, ¶15). Unsurprisingly, this self-serving statement is not supported by any admissible evidence, because it is not true. Geoghegan goes on to state that Plaintiff "rebuffed" Defendant, and states that Plaintiff sought to accrue "penalties and punitive sums." (Id.)

While neither of these statements are true, assuming, *arguendo*, that they are, they are irrelevant. First, Defendant's purported offer to deliver the shares fails to account for any damages relating to its failure to deliver them in a timely manner. Second, the Note explicitly provides for attorneys' fees, which were not included in Defendant's purported offers. Third, nothing in the Note obligates Plaintiff to accept shares in full satisfaction of the Note once a default occurs. Finally, Defendant fails to raise any questions as to the ease or difficulty of calculating damages given the fluctuating stock price and timing of sales, or the reasonableness of the Note's provisions. Accordingly, Defendant's argument

9

regarding these unsupported offers made on unspecified dates are insufficient to defeat summary judgment.

> 5. It is Black Letter Law that the Civil Usury Statute Cited by Defendant is Not a Viable Defense for a Corporate Entity, and Defendant's Application of the Statute Misinterprets Usury Entirely.

Without explaining how a civil usury legal defense would create a question of fact for the purposes of summary judgment, Defendant cites New York's civil usury statute, N.Y. Gen. Obl. L. § 5-501, and claims the Note is usurious. Defendant then calculates interest based on its purported offer to deliver shares, and the amounts sought in this litigation to determine that the return is higher than 16%. There are numerous problems with this argument.

First, "a corporation cannot assert the defense of civil usury." *Sabella v. Scantek Med., Inc.* 2009 U.S. Dist. LEXIS 88170 (S.D.N.Y. 2009); N.Y. Gen. Obl. L. § 5-521; see also *Ammarito v. Duraclean Int'l, Inc.*, 687 F. Supp. 2d 210, 220 (E.D.N.Y. 2010)("where, as here, the defendant is a corporation, the civil usury defense is unavailable").

Second, even if Defendant could avail itself to this usury defense, Defendant fails to cite any authority for the proposition that a return from third parties as a result of sale of stock obtained through a convertible note should be considered interest on the Note for the purposes of usury. Indeed, while not controlling, the Supreme Court New York, Kings County explained why it should not be included. Justice Carolyn E. Demarest explained:

>It is further noted that 'usury laws apply only to loans or forbearances, not investments.' Although the initial transactions were loans, which were clearly not usurious, as plaintiff notes, the Securities Purchase Agreement provided that upon conversion, [defendant] was selling securities under [the note] to it as an 'investor.' The conversion to stock would convert plaintiff from a lender to an investor with the right to share in the profits and losses of [defendant] . . . While a loan may not be disguised as an investment as a cover for usury, the Notes refer to [defendant] as the borrower, and only upon conversion at plaintiff's election would [defendant's] debt to plaintiff become an investment, upon which plaintiff took the risk that the stock could be completely worthless. Where the transaction provides for the purchase of shares of stock and the price of stock fluctuates so that it is unclear if the interest rate would exceed the legal rate of interest, no usury exists. *LG Capital Funding, LLC v. Sanomedics Int'l Holdings, Inc.*, 2015 N.Y. Misc. LEXIS 4294 *30 (N.Y. Sup. Ct. 2015) (internal citations omitted).

Similarly, contrary authority rebuts Defendant's proposition that the potentially recover in this litigation could be included in an interest calculation. Defendant argues that recovery of the accrued liquidated damages, outstanding principal and interest, as well as costs and attorneys' fees "would violate New York's usury law." Again, this is a fundamental misunderstanding of usury, and is based upon a defense unavailable to corporations. With regard to the $2,500.00 paid for legal fees, they should not be considered when determining interest for the purposes of usury, as "a borrower may pay reasonable expenses attendant on a loan without rendering the loan usurious [and] reasonable expenses can include payments for attorneys' fees associated with the loan." *Hillair Capital Investments, L.P. v. Integrated Freight Corp.*, 963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013).

Next, "[i]t is well settled that 'the defense of usury does not apply . . . where the terms of the mortgage and note impose a rate of interest in excess of the

statutory maximum only after default or maturity." *Builders Bank v. Rockaway Equities, LLC*, 2011 U.S. Dist. LEXIS 107409 *21 (E.D.N.Y. 2011). The interest charged prior to Defendant's first default on November 22, 2015, which Defendant admits to (L.R. Response, ¶17), was $1,818.08. (Declaration of Joseph Lerman, dated March 20, 2017, filed herewith, ¶24). Based on the $52,500.00 value of the Note, this constitutes charged interest of 3.4%, at a rate of 8% per annum. The liquidated damages and default interest rate were only charged after Defendant's November 22, 2015 default and must not be considered.

Therefore, Defendant's usury argument does not defeat summary judgment and is unsupportable at law.

    C.    <u>Defendant's Cross-Motion for Summary Judgment is Procedurally Defective, Unsupportable by the Evidence, and Unjustifiable at Law.</u>

        1.    Defendant Failed to Submit a Local Rule 56.1 Statement in Support of its Cross-Motion.

First, it should be noted that Defendant did not submit a pre-motion letter indicating its intent to move for summary judgment pursuant the Hon. Kiyo A. Matsumoto's Individual Rule IV.B.1, nor did it raise the issue in its response to Plaintiff's letter, Dkt. 42, or during the pre-motion conference with the Court.

Next, its motion fails to comply with Local Civil Rule 56.1, which states that "Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts and to which the moving party contends there is no genuine issue to be tried. Failure to submit

such a statement may constitute grounds for denial of the motion." L.R. 56.1. Defendant failed to submit such a statement. Instead, in its response to Plaintiff's L.R. 56.1 Statement, Defendant includes several longwinded statements, some of which are irrelevant, some of which are Defendant's own legal conclusions, and few of which contain citations to evidence that would be admissible.

Based on these failures, Defendant's cross-motion should be dismissed in its entirety.

> 2. As Already Addressed herein, Defendant's Argument Related Alleged Offers to Deliver Shares is Irrelevant, Fails to Account for Damages, Attorneys' Fees, Changes in Stock Price, and Constitutes a Misrepresentation to the Court.

As for Defendant's argument for its cross-motion for summary judgment, it simply repeats, falsely, that it offered to deliver the shares, Plaintiff's recovery should be limited to acceptance of the shares. Defendant is essentially asking the Court to waive the damages, costs, and attorneys' fees that Defendant agreed to when it accepted Plaintiff's money. Defendant provides no authority and cites no admissible evidence to support its theory or purported offers. Its "cross-motion" amounts to a plea to disregard the explicit terms of the Note, which Defendant admits it agreed to, and limit Plaintiff's recovery to the shares which were due and owing to Plaintiff for nearly a year. Put simply, Defendant's theory fails to account for the decrease in value of the shares by over 50%, any damages, any costs, or or any attorneys' fees incurred as a result of Defendant's breach. This cross-motion should be dismissed outright.

## IV. CONCLUSION

For the forgoing reasons, it is respectfully requested that the Court grant Plaintiff's motion for summary judgment in its entirety,

DATED:   NEW YORK, NEW YORK
MAY 1, 2017

RESPECTFULLY SUBMITTED,

**GARSON, SEGAL,
STEINMETZ, FLADGATE LLP**
*ATTORNEYS FOR PLAINTIFF*


BY:   _____/s/_____
KEVIN KEHRLI (KK7568)
MICHAEL STEINMETZ (MS3164)
164 WEST 25TH STREET
SUITE 11R
NEW YORK, NY 10001
**TELEPHONE:** (212) 380-3623
**FACSIMILE:** (347) 537-4540
**EMAIL:** KK@GS2LAW.COM