```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LG CAPITAL FUNDING, LLC,

        Plaintiff,
                                          MEMORANDUM & ORDER
        -against-
                                          16-CV-2752(KAM)(JO)
5BARZ INTERNATIONAL, INC.,

        Defendant.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On March 31, 2018, the court issued a memorandum and order (ECF No. 52, the "March Order,") granting in part and denying in part plaintiff, LG Capital Funding, LLC's ("plaintiff") motion for summary judgment, (ECF No. 47, the "First Sum. J. Mot."). The partial denial of plaintiff's First Summary Judgment Motion was without prejudice to plaintiff's ability to supplement the record and renew its motion as to certain relief the court denied in ruling on the First Summary Judgment Motion. (*See* March Order 45-46.) The court then granted plaintiff's renewed, second motion for summary judgment as to damages on September 6, 2018. (*See* ECF No. 67, the "September Order" 32-33.) The court also granted summary judgment to plaintiff as to an award of reasonable attorneys' fees. (*Id.* at 33.) The court now rules on plaintiff's unopposed application for attorneys' fees. (*See* ECF No. 69, Mot. Att'y Fees.)

The court assumes familiarity with the underlying factual and procedural background of this case which is set forth, at length, in the court's March Order deciding the plaintiff's First Summary Judgment Motion. (March Order 3-15.) Plaintiff submitted in support of this application for an award of attorney's fees an invoice listing the tasks carried out in litigating this case, (ECF No. 69-2, Invoice), a Memorandum in Support, (ECF No. 69-3, Pl.'s Mem.), and a declaration by Kevin Kehrli, Esq., in support of plaintiff's application for attorneys' fees, (ECF No. 69-1, Ex. A, Kehrli Decl.). As the court has already granted summary judgment to plaintiff as to damages, the court must now determine if plaintiff's requested fees are reasonable. Plaintiff is entitled to fees pursuant to defendant's contractual obligation as set forth in the Note.[1] *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008). For the reasons set forth below, the court GRANTS plaintiff's application for an award of attorneys' fees as modified herein.

## DISCUSSION

### I. Reasonable Attorneys' Fees

The standard method for determining reasonable attorneys' fees is "the number of hours reasonably expended on

---

[1] The court previously concluded that defendant must pay plaintiff's reasonable attorneys' fees under the terms of the Note. (March Order 32-33; *see also* ECF No. 65-2, Ex. B, Note ¶ 7.)

the litigation multiplied by a reasonable hourly rate," arriving at a "presumptively reasonable fee."[2] *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 188-90 (2d Cir. 2008)); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir. 1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A. <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. The reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *Blum v. Stenson*, 465 U.S. 886, 894 (1984)). The "community" is generally considered the district where the district court sits. *See Arbor Hill*, 522 F.3d at 190. Thus, determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates

---

[2] The court recognizes that the "degree of success" by a prevailing party moving for attorneys' fees is another factor to consider in awarding fees. Not only has plaintiff succeeded in its summary judgment motion but, in addition, the Note provides for the award of attorneys' fees.

3

charged in the community. *Chambless*, 885 F.2d at 1059; see *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005).

Plaintiff requests a reasonable hourly rate of $250 for each of the attorneys who billed in this matter. (Pl.'s Mem. 6.) In his sworn declaration, Mr. Kehrli briefly describes in a footnote his and the other timekeepers' respective legal experience and attaches a time sheet describing the work performed and time spent by plaintiff's counsel on this matter. (Kehrli Decl. 5 n.1; *see also* Invoice.) Defendant does not dispute these hourly rates or plaintiff's counsel's respective qualifications or, in general, oppose the fee application in any respect.

The $250 hourly rate that plaintiff seeks for all of plaintiff's counsel is above the general range of rates awarded to similarly experienced attorneys in this District. Courts have found that the prevailing hourly rates in this district are generally between $300 and $400 for law firm partners, $200 to $300 for senior associates, and $100 to $200 for junior associates. *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015); *Fawzy v. Gendy*, No. 12-CV-5580, 2013 WL 5537128, at *1 (E.D.N.Y. Oct. 6, 2013) (citing *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)). Indeed, plaintiff cites to recent case law supporting these general tiers of reasonable hourly rates. (*See*

Pl.'s Mem. 5 (citing *LG Capital Funding, LLC v. Worthington Energy, Inc.*, No-16-CV-6288, 2018 U.S. Dist. LEXIS 28899, at *17 (E.D.N.Y. Feb. 20, 2018)).) Moreover, the blanket rate of $250 per hour asserted by plaintiff's counsel does not account for the disparate experience of each of the attorneys who billed on this matter. That is, this rate treats Kehrli, in his fourth-year of practice and arguably a mid-level associate by 2018, the same as timekeeper Rushelle Bailey who was not yet admitted to practice in early 2018. (Kehrli Decl. 5 n.1.) In this District, law clerks are typically awarded fees at the same hourly rate as legal paraprofessionals, or paralegals. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014) (holding that $100 per hour was a reasonable rate for a law clerk); *Ferrara v. Oakfield Leasing Inc.*, 904 F. Supp. 2d 249, 274 (E.D.N.Y. 2012) (finding an award of $90 per hour "fair and reasonable" for paralegals and law clerks); *Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of . . . $70 to $100 for paralegal assistants."). Thus, the court will reduce the $250 rate to $85 for work completed by unadmitted law clerks, including by Bailey during the several months in 2018 that she worked on this case prior to her admission. One other timekeeper, Michael Smaila, billed 0.2 hours on October 13,

5

2016, prior to his admission in December 2016, and his rate will also be reduced to $85 for this work. (*See* Invoice 4.)

Furthermore, the bulk of the work completed by plaintiff's counsel on this matter was performed by junior associates with no more than three years of experience. Though Kehrli was the most senior associate to work on the matter, the work he completed in 2018 as a fourth-year associate comprised only a fraction of the hours billed in this case. (*See* Invoice 8-9.) Thus, the court finds that a rate at the midpoint for the range of rates typically awarded for a junior associate, or $150, would be reasonable for most of the hours billed in this case by the junior associates admitted to practice, and by Kehrli during the years 2016 and 2017.[3] The court will apply a rate reasonable for a more senior associate, or $250, to the hours billed by Kehrli in 2018. *See Tacuri*, 2015 WL 790060, at *13 (awarding $275 for senior associate with fifteen years of experience); *Acosta v. Hall of Fame Music Stores, Inc.*, No. 10-CV-5139, 2015 WL 1003550, at *8 (E.D.N.Y. Mar. 5, 2015) (awarding $275 per hour for senior associate with thirteen years of experience); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392

---

[3] Plaintiff's description of the experience of the timekeepers for this matter does little more than set forth the attorneys' respective law schools, graduation years, and dates of admission. (Kehrli Decl. 5 n.1.) Plaintiff does not persuasively argue that these junior associates are somehow more experienced and capable than other junior associates in this District. (*See* Pl.'s Mem. 6 n.1.)

(E.D.N.Y. 2012) (awarding $250 per hour to senior associate with nine years of experience in relevant law).

Additionally, the court finds that plaintiff's counsel billed hours for a number of tasks best described as clerical and typically completed by paralegals. Attorneys are generally compensated for clerical work at the hourly rate for clerks and paralegals. *See Rozell v. Ross-Hoist*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (finding attorneys engaged in clerical tasks should be compensated as clerical employees); *see also G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 439 (S.D.N.Y. 2012) ("A court has the discretion to reduce the award for time spent by attorneys engaging in 'less skilled work, like filing and other administrative tasks.'"); *Tucker v. City of New York*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010) (reducing fee award where attorney billed at full rate for clerical tasks such as serving process, copying, and filing papers). A review of the invoice indicates counsel spent 10.3 hours preparing and coordinating the delivery of courtesy copies. (*See, e.g.*, Invoice 2 (Entries for June 1, 2016 through June 8, 2016).) The court will apply the same paralegal rate of $85 per hour to this work.

B. <u>Reasonable Number of Hours Expended</u>

The court must next address whether the number of hours expended by plaintiff's counsel was reasonable in this

7

breach of contract case. *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ("The main issue is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"). A party seeking attorneys' fees "must support that request with contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696, 2013 WL 950573, at *8 (E.D.N.Y. Mar. 12, 2013) (citing *Cablevision Sys. N.Y.C. Corp. v. Diaz*, No. 07-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)).

In reviewing a fee application, the court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. *See Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994); *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was "excessive, redundant, or otherwise unnecessary," the court should exclude these hours from the calculation. *See Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *Hensley*, 461 U.S. at 434; *Lunday*, 42 F.3d at 133.

Plaintiff has submitted records detailing 239.3 hours of work its attorneys performed in achieving a favorable outcome on summary judgment. (*See* Invoice; Pl.'s Mem. 7.) This action

involved a straight-forward, relatively uncomplicated suit related to damages for breach of a note involving a single plaintiff and defendant. Plaintiff unsuccessfully pursued a preliminary and permanent injunction in this matter. (ECF No. 1, Compl. 9-11; *see also* ECF No. 6, Order to Show Cause.) The parties also briefly attempted settlement before Magistrate Judge Orenstein, (*see* Minute Entry dated October 27, 2016), and there appears to have been a limited exchange of discovery in this matter. (*See* Invoice 5 (listing January 2017 entries related to reviewing and redacting documents for production).) The parties participated in a number of conferences with Magistrate Judge Orenstein and a conference with the undersigned regarding motion practice. (*See, e.g.*, Minute Entries dated Dec. 8, 2016; Feb. 17, 2017; Feb. 27, 2017.) The parties then engaged in motion practice, both moving for and opposing summary judgment. (*See generally* ECF Nos. 47-49.) Plaintiff won summary judgment for its breach of contract claims but renewed its motion as to damages and attorneys' fees due to deficiencies in its initial motion. (March Order 45-46.) Defendant does not contest the amount of time plaintiff's counsel spent litigating this case, and indeed have not opposed plaintiff's application.

The court finds that plaintiff's counsel largely expended a reasonable number of hours in prosecuting plaintiff's claims, but shall slightly reduce the number of hours billed for

travel and, due to some duplication, for the twice-briefed motion for damages and fees as follows. First, Kehrli billed 4.1 hours for time spent traveling to and from the courthouse for a number of hearings in this case.[4] (*See, e.g.*, Invoice 4 ("Sept-29-16 . . . (Kevin Kehrli) Travel to conference").) Courts in this Circuit have typically reduced fee awards for hours spent traveling. *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 728 (E.D.N.Y. 2009) (reducing fee for travel time by 50%); *Douyon v. N.Y. Med. Health Care, P.C.*, No. 10-CV-3983, 2014 WL 4948121, at *20 (E.D.N.Y. Sept. 30, 2014) (same); *Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, No. 10-CV-6036, 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012) ("Although it is within a district court's discretion to compensate travel time at the full hourly rate, courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent."). Accordingly, the court will reduce the 4.1 hours spent traveling by Kehrli by 50%. As a fourth-year associate, Kehrli billed 0.8 travel hours at the rate of $250 and billed the remaining 3.3 travel hours at the rate for junior associates or $150. The

---

[4] The time sheet also includes two entries combining travel time and the time spent at a court hearing. (*See* Invoice 5 (Dec. 8, 2016 Entry), 9 (April 19, 2018 Entry).) Though it is not immediately apparent how much time was spent on travel and on the respective time in court for these entries, all but one of plaintiff's counsel's other entries for travel accounted for 0.4 hours. (*See, e.g., id.* at 5 (Oct. 26, 2016 Entry).) The court thus treated these combined entries as accounting for 0.4 hours of travel time each way or 0.4 hours on December 8, 2016 and 0.8 hours on April 19, 2018.

10

court will thus reduce the total fee amount by $347.50 (0.4 hours x $250 plus 1.65 hours x $150).

Second, plaintiff's counsel billed several hours for iterative rounds of motion practice that were not reasonably necessary.  Plaintiff's initial motion for summary judgment lacked certain information necessary for the court to calculate damages and attorneys' fees.  (*See* March Order 42-45.)  In granting summary judgment in plaintiff's favor, the court ordered plaintiff to renew its motion for both damages and attorneys' fees.  (*Id.*)  In its renewed motion, however, plaintiff's counsel reserved as to the award of attorneys' fees, opting instead for fees to "be addressed upon resolution" of the summary judgment motion as to damages, thus requiring an additional round of briefing.  (*See* September Order 19-20.) The court declines to award attorneys' fees for the hours billed in renewing plaintiff's motion for attorneys' fees, or 8.8 hours (7.9 hours billed by Bailey as a junior associate, and 0.9 hours billed by Kehrli as a fourth-year associate).  Thus, the court will reduce the fee award by $1,757.50, including the reduction for travel time (7.9 hours x $150 + 0.9 hours x $250 + $347.50).

C.   Fee Award Calculation

Therefore, accounting for the reduction attributable to 4.1 hours of travel time and 8.8 hours of time unreasonably spent on the successive motions for damages and attorneys' fees,

11

the court finds that 205.7 hours at a rate of $150 per hour for the junior associates who billed on this matter, 8.1 hours at a rate of $85 for the law clerks who billed on this matter, 10.3 hours also at a rate of $85 for the clerical work performed by attorneys, and 15.2 hours at a rate of $250 per hour for Kehrli during his fourth-year as an associate, are reasonable. Applying these rates to the reasonably expended hours, as discussed above, yields a reasonable fee award of **$34,461.50** ($30,855.00 + $689.00 + $3,800.00 +$875.50 – $1.757.50).

**II. Costs**

Plaintiff requests an award of $929.79 for the filing fee and various other costs it spent in this litigation. As discussed above, plaintiff is entitled to costs based on the terms of the Note at the heart of this dispute. Here, plaintiff requests $929.79 but provides no invoice or receipts documenting these costs. (*See* Kehrli Decl. ¶ 41.) The court notes that plaintiff paid the $400.00 filing fee to initiate this case. (*See* ECF No. 1, Docket Text for Complaint (indicating payment of $400 filing fee).) But, because plaintiff did not provide any documentation for the remaining $529.79 in costs, besides assigning $275.08 to fees for service of process, and $254.71 to fees for courier services, the court declines to award costs for

these expenditures.  Thus, the court will only award costs in the amount of $400.00.

### CONCLUSION

For the foregoing reasons, plaintiff's application for attorneys' fees is GRANTED as modified by this Order.  The Clerk of Court is respectfully directed accordingly to enter judgment in plaintiff's favor in the amount of **$110,472.70** in damages, (*see* September Order 19)**, $34,461.50** in attorneys' fees, and **$400.00** in costs, and to close the case.

**SO ORDERED.**

Dated: Brooklyn, New York
      July 15, 2019

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York